| | |
|---|---|
| STACEY BAILEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-02661-JRR |

## SIXTEENTH JOINT STATUS REPORT AND
## MOTION FOR ADDITIONAL 90-DAY STAY

Plaintiffs Stacey Bailey and Eric Curry, on behalf of the putative class ("Plaintiffs"), and Defendants, The NFL Player Disability & Survivor Benefit Plan, The Disability Board of the NFL Player Disability & Survivor Benefit Plan, The Disability Initial Claims Committee of the NFL Payer Disability & Survivor Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Disability Initial Claims Committee of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The 88 Plan and The 88 Board ("Defendants" and jointly the "Parties") provide this Sixteenth Joint Status Report in accordance with this Court's Order entered on December 11, 2024 (Dkt. No. 54) and respectfully move this honorable Court to stay the present action styled above for an additional 90 days, with such stay extending up to and including June 10, 2025.

1.  Plaintiffs filed their Complaint in the above-captioned matter on September 29, 2023. Defendants subsequently waived service and have not yet responded to the Complaint, which was otherwise due on December 11, 2023.

1

2. After the Complaint was filed, counsel for the Parties conducted several video conferences, as well as in-person meetings, to facilitate open discussion of issues set forth in the Complaint and the Parties' required Planning Report. Thereafter, the Parties jointly moved the Court for a 90-day stay to facilitate further discussions, and to exchange information, regarding the issues set forth in the Complaint. Dkt. No. 30.

3. The Court granted the requested stay, and ordered the Parties to submit Joint Status Reports every 30 days during the pendency of such stay, and to advise the Court as to the status of their discussions by no later than March 10, 2024. Dkt. No. 32.

4. The Parties submitted periodic Joint Status Reports to the Court, detailing their ongoing discussions and their exchange of data and information concerning the matters at issue in the Complaint. Dkt. Nos. 36-39.

5. On March 8, 2024, the Parties asked the Court to extend the stay for an additional 90 days to allow for further discussion amongst the Parties, and the Court granted that request. Dkt. Nos. 39-40.

6. The Parties conducted a second round of in-person meetings on March 25, 2024, where they discussed the status of the Parties' respective analyses of such data and information, as well as mechanisms to potentially resolve this lawsuit. The meetings were productive. Plaintiffs' counsel provided a formal settlement proposal ("Proposal") with a mechanism for resolution to present to Defendants based on information and ideas exchanged at the March 25 meetings.

7. On June 7, 2024, the Parties jointly asked the Court to extend the stay of the case for an additional 90 days. The Court granted the Parties' request and stayed the case through September 9, 2024 (Dkt. 46).

8.     On July 3, 2024, Defendants made a formal counter-proposal for settlement ("Counter").  Plaintiffs responded to Defendants' Counter on August 2, 2024.

9.     The Parties, in their Tenth Joint Status Report, moved for an additional 90-day stay to allow the Parties to mediate before the Hon. Gerald E. Rosen, retired Chief Judge, U.S. District Court for the Eastern district of Michigan (Dkt. 49).  The Court granted the additional stay on September 10, 2024 (Dkt. 50).

10.     The Parties initially mediated for two days on October 2 and 3.  They mediated again for two additional days on October 30 and November 1.

11.     In their Thirteenth Joint Status Report (Dkt. No. 53), the Parties informed the Court that, although the case was not resolved, they had made substantial progress, their discussions were ongoing, and they anticipated resuming formal mediation with Judge Rosen in February 2025.  Accordingly, the Parties jointly requested that the Court extend the stay of the case by an additional 90 days, through and including March 10, 2025.

12.     On December 11, 2024, the Court granted the requested additional stay (Dkt. No. 54) and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the action settled, whichever occured first.

13.     In their Fifteenth Joint Status Report (Dkt. No. 56), the Parties advised the Court that two additional mediation days with Judge Rosen had been scheduled for February 27 and February 28, 2025, but those dates had to shift slightly to accommodate Plaintiffs' scheduling conflict.

14.     The continued mediation was rescheduled for and recently took place on March 5 and 6, 2025.  Over the course of those two days, the Parties engaged in extensive, in-person

discussions and again made substantial progress toward a potential resolution of this matter. Discussions continue.

15.     To avoid expending additional resources litigating this matter while they continue in good faith to pursue means of potentially resolving this lawsuit, the Parties jointly request an additional stay of this action, up to and including June 10, 2025.  The Parties believe that a further 90-day extension of the stay should suffice to enable them to complete their discussions.  The Parties will continue to submit periodic status reports, if and as required by the Court, to advise the Court as to the outcome of the mediation and the status of the Parties' ongoing discussions.

16.     The Parties make this motion not to cause additional delay, but to facilitate their ongoing review and potential resolution of the complex legal and medical issues implicated by Plaintiffs' allegations.

Respectfully submitted this 10th day of March, 2025.

/

[signatures follow on next page]

/

/

/

/

/

/

/

/

/

/

/

/

4

*/s/ Christopher T. Nace*

Christopher T. Nace (16442)
**PAULSON AND NACE, PLLC**
1025 Thomas Jefferson Street, NW, Suite 810
Washington, D.C. 20007
ctnace@paulsonandnace.com
(signed and submitted by Edward J. Meehan
with permission of Mr. Nace)

W. Daniel "Dee" Miles, III (*pro hac vice)*
Leon H. Hampton, Jr. (*pro hac vice*)
Paul W. Evans (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
Telephone: 334-269-2343
Facsimile: 334-954-7555
Dee.Miles@BeasleyAllen.com
Leon.Hampton@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
(Signed by Christopher T. Nace with the
permission of W. Daniel "Dee" Miles, III)

Rebecca Gilliland (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
301 St. Louis Street
Mobile, AL 36602
Telephone: 251-308-1515
Facsimile: 334-954-7555
Rebecca.Gilliland@BeasleyAllen.com
(Signed by Christopher T. Nace with the
permission of Rebecca D. Gilliland)

Thomas O. Sinclair (*pro hac vice*)
**SINCLAIR LAW FIRM, LLC**
2140 11th Ave S, Suite 212
Birmingham, AL 35205
Telephone: 205-868-0818
Facsimile: 205-868-0894
tsinclair@sinclairlawfirm.com
(Signed by Christopher T. Nace with the
permission of Thomas O. Sinclair)

***Counsel for Plaintiffs***

*/s/ Edward J. Meehan*

Edward J. Meehan (04775)
Mark C. Nielsen (30913)
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Ave. N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202-861-5429
mnielsen@groom.com
emeehan@groom.com

***Counsel for Defendants***

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2025, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to all counsel of record in this matter.

/s/  Edward J. Meehan
Edward J. Meehan (04775)

**Counsel for Defendants**