IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| STACEY BAILEY, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN, *et al.*,<br><br>**Defendants.** | Case No. 1:23-cv-02661-JRR |

## NINETEENTH JOINT STATUS REPORT AND MOTION FOR ADDITIONAL 90-DAY STAY

Plaintiffs Stacey Bailey and Eric Curry, on behalf of the putative class ("Plaintiffs"), and Defendants, The NFL Player Disability & Survivor Benefit Plan, The Disability Board of the NFL Player Disability & Survivor Benefit Plan, The Disability Initial Claims Committee of the NFL Payer Disability & Survivor Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Disability Initial Claims Committee of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The 88 Plan and The 88 Board ("Defendants," and together with the Plaintiffs, the "Parties") provide this Nineteenth Joint Status Report in accordance with this Court's Order entered on March 11, 2025 (Dkt. No. 58) and respectfully move the Court to stay this action for an additional 90 days, with such stay extending up to and including September 8, 2025.

1.      Plaintiffs filed their Complaint in the above-captioned matter on September 29, 2023. Defendants subsequently waived service and have not yet responded to the Complaint, which was otherwise due on December 11, 2023.

2.      After the Complaint was filed, counsel for the Parties conducted several video

1

conferences and in-person meetings to facilitate open discussion of issues set forth in the Complaint and the Parties' required Planning Report. Thereafter, the Parties jointly moved the Court for a 90-day stay to facilitate further discussions, and to exchange information, regarding the issues set forth in the Complaint. (Dkt. No. 30).

3. The Court granted the requested stay, and ordered the Parties to submit Joint Status Reports every 30 days during the pendency of such stay, and to advise the Court as to the status of their discussions by no later than March 10, 2024. (Dkt. No. 32).

4. The Parties submitted periodic Joint Status Reports to the Court, detailing their ongoing discussions and their exchange of data and information concerning the matters at issue in the Complaint. (Dkt. Nos. 36-39).

5. On March 8, 2024, the Parties asked the Court to extend the stay for an additional 90 days to allow for further discussion amongst the Parties, and the Court granted that request. (Dkt. Nos. 39-40).

6. The Parties conducted a second round of in-person meetings on March 25, 2024, where they discussed the status of the Parties' respective analyses of relevant data and information, as well as mechanisms to potentially resolve this lawsuit. The meetings were productive. Plaintiffs' counsel provided a formal settlement proposal ("Proposal") with a mechanism for resolution to present to Defendants based on information and ideas exchanged at the March 25 meeting.

7. On June 7, 2024, the Parties jointly asked the Court to extend the stay of the case for an additional 90 days. The Court granted the Parties' request and stayed the case through September 9, 2024. (Dkt. No. 46).

8. On July 3, 2024, Defendants made a formal counter-proposal for settlement

("Counter"). Plaintiffs responded to Defendants' Counter on August 2, 2024.

9. The Parties, in their Tenth Joint Status Report, moved for an additional 90-day stay to allow the Parties to mediate before the Hon. Gerald E. Rosen, retired Chief Judge, U.S. District Court for the Eastern district of Michigan. (Dkt. No. 49). The Court granted the additional stay on September 10, 2024. (Dkt. No. 50).

10. The Parties mediated on October 2, 3, and 30 and November 1, 2024.

11. In their Thirteenth Joint Status Report (Dkt. No. 53), the Parties informed the Court that, although the case was not resolved, they had made substantial progress, their discussions were ongoing, and they anticipated resuming formal mediation with Judge Rosen in February 2025. Accordingly, the Parties jointly requested that the Court extend the stay of the case by an additional 90 days, through and including March 10, 2025.

12. On December 11, 2024, the Court granted the requested additional stay (Dkt. No. 54) and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the action settled, whichever occurred first.

13. In their Sixteenth Joint Status Report (Dkt. No. 57), the Parties advised the Court that mediation again took place on March 5 and 6, 2025, during which time the Parties engaged in extensive, in-person discussions and again made substantial progress toward a potential resolution of this matter. Accordingly, the Parties jointly requested an additional stay of this action, up to and including June 10, 2025.

14. On March 11, 2025, the Court granted the requested additional stay (Dkt. No. 58) and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the action settled, whichever occurs first. The Court further ordered that, if the matter is not resolved by June 10, 2025, the Parties must file a joint status report on that date including proposed

dates for a conference with the Court. (*Id.*).

15. In their Seventeenth and Eighteenth Joint Status Reports (Dkt. Nos. 59, 60), the Parties advised the Court that they continued to engage in constructive discussions and believed they were making steady progress toward a potential resolution.

16. Since the Eighteenth Joint Status report, the Parties have continued those productive discussions. The Parties are pleased to inform the Court that they have reached an agreement in principle and are currently preparing a draft Settlement Agreement and working to resolve the limited remaining settlement details.

17. On June 5, 2025, the Parties conferred on the final aspects of the settlement, and are scheduled to continue that discussion on June 11, 2025. In addition, the Parties have scheduled what is expected to be their final mediation session with Judge Rosen for July 8, 2025, to address attorneys' fees as a final issue.

18. In light of this progress, and the need for additional time to finalize the Settlement Agreement and prepare related filings, the Parties respectfully request that the Court extend the current stay for an additional 90 days, through and including September 8, 2025.

19. The Parties believe that this extension will allow them to finalize and execute the Settlement Agreement and submit a motion for preliminary approval and certification of the settlement class to the Court.

20. The Parties are also available for a status conference with the Court between July 22 and August 29, 2025, with the exception of the period from August 11 through August 21, 2025. However, the Parties respectfully request that any such status conference be scheduled after the Settlement Agreement is finalized and a motion for preliminary settlement approval and certification is filed with the Court.

Respectfully submitted this 10th day of June, 2025.

*/s/ Christopher T. Nace*

Christopher T. Nace (16442)
**PAULSON AND NACE, PLLC**
1025 Thomas Jefferson Street, NW, Suite 810
Washington, D.C. 20007
ctnace@paulsonandnace.com
(signed and submitted by Edward J. Meehan
with permission of Mr. Nace)

W. Daniel "Dee" Miles, III (*pro hac vice*)
Leon H. Hampton, Jr. (*pro hac vice*)
Paul W. Evans (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
Telephone: 334-269-2343
Dee.Miles@BeasleyAllen.com
Leon.Hampton@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
(Signed by Christopher T. Nace with the
permission of W. Daniel "Dee" Miles, III)

Rebecca Gilliland (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
301 St. Louis Street
Mobile, AL 36602
Telephone: 251-308-1515
Rebecca.Gilliland@BeasleyAllen.com
(Signed by Christopher T. Nace with the
permission of Rebecca D. Gilliland)

Thomas O. Sinclair (*pro hac vice*)
**SINCLAIR LAW FIRM, LLC**
2140 11th Ave S, Suite 212
Birmingham, AL 35205
Telephone: 205-868-0818
tsinclair@sinclairlawfirm.com
(Signed by Christopher T. Nace with the
permission of Thomas O. Sinclair)

***Counsel for Plaintiffs***

*/s/ Edward J. Meehan*

Edward J. Meehan (04775)
Mark C. Nielsen (30913)
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Ave. N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202-861-5429
mnielsen@groom.com
emeehan@groom.com

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, the foregoing document was filed using the Court's ECF/CM system, which will automatically send notice of such filing to all counsel of record in this matter.

*/s/  Edward J. Meehan*
Edward J. Meehan (04775)