| | |
|---|---|
| STACEY BAILEY, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN, *et al.*, <br><br> **Defendants.** | Case No. 1:23-cv-02661-JRR |

## TWENTY-FIRST JOINT STATUS REPORT

Plaintiffs Stacey Bailey and Eric Curry, on behalf of the putative class ("Plaintiffs"), and Defendants, The NFL Player Disability & Survivor Benefit Plan, The Disability Board of the NFL Player Disability & Survivor Benefit Plan, The Disability Initial Claims Committee of the NFL Payer Disability & Survivor Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Disability Initial Claims Committee of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The 88 Plan and The 88 Board ("Defendants," and together with the Plaintiffs, the "Parties") provide this Twenty-First Joint Status Report in accordance with this Court's Order entered on June 11, 2025 (Dkt. No. 62).

1.     Plaintiffs filed their Complaint in the above-captioned matter on September 29, 2023.  Defendants subsequently waived service and have not yet responded to the Complaint, which was otherwise due on December 11, 2023.

2.     After the Complaint was filed, counsel for the Parties conducted several video conferences and in-person meetings to facilitate open discussion of issues set forth in the

1

Complaint and the Parties' required Planning Report. Thereafter, the Parties jointly moved the Court for a 90-day stay to facilitate further discussions, and to exchange information, regarding the issues set forth in the Complaint. (Dkt. No. 30).

3. The Court granted the requested stay, and ordered the Parties to submit Joint Status Reports every 30 days during the pendency of such stay, and to advise the Court as to the status of their discussions by no later than March 10, 2024. (Dkt. No. 32).

4. The Parties submitted periodic Joint Status Reports to the Court, detailing their ongoing discussions and their exchange of data and information concerning the matters at issue in the Complaint. (Dkt. Nos. 36-39).

5. On March 8, 2024, the Parties asked the Court to extend the stay for an additional 90 days to allow for further discussion amongst the Parties, and the Court granted that request. (Dkt. Nos. 39-40).

6. The Parties conducted a second round of in-person meetings on March 25, 2024, where they discussed the status of the Parties' respective analyses of relevant data and information, as well as mechanisms to potentially resolve this lawsuit. The meetings were productive. Plaintiffs' counsel provided a formal settlement proposal ("Proposal") with a mechanism for resolution to present to Defendants based on information and ideas exchanged at the March 25 meeting.

7. On June 7, 2024, the Parties jointly asked the Court to extend the stay of the case for an additional 90 days. The Court granted the Parties' request and stayed the case through September 9, 2024. (Dkt. No. 46).

8. On July 3, 2024, Defendants made a formal counter-proposal for settlement ("Counter"). Plaintiffs responded to Defendants' Counter on August 2, 2024.

9.      The Parties, in their Tenth Joint Status Report, moved for an additional 90-day stay to allow the Parties to mediate before the Hon. Gerald E. Rosen, retired Chief Judge, U.S. District Court for the Eastern district of Michigan. (Dkt. No. 49).  The Court granted the additional stay on September 10, 2024.  (Dkt. No. 50).

10.     The Parties mediated on October 2, 3, and 30 and November 1, 2024.

11.     In their Thirteenth Joint Status Report (Dkt. No. 53), the Parties informed the Court that, although the case was not resolved, they had made substantial progress, their discussions were ongoing, and they anticipated resuming formal mediation with Judge Rosen in February 2025. Accordingly, the Parties jointly requested that the Court extend the stay of the case by an additional 90 days, through and including March 10, 2025.

12.     On December 11, 2024, the Court granted the requested additional stay (Dkt. No. 54) and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the action settled, whichever occurred first.

13.     In their Sixteenth Joint Status Report (Dkt. No. 57), the Parties advised the Court that mediation again took place on March 5 and 6, 2025, during which time the Parties engaged in extensive, in-person discussions and again made substantial progress toward a potential resolution of this matter.  Accordingly, the Parties jointly requested an additional stay of this action, up to and including June 10, 2025.

14.     On March 11, 2025, the Court granted the requested additional stay (Dkt. No. 58) and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the action settled, whichever occurs first.  The Court further ordered that, if the matter is not resolved by June 10, 2025, the Parties must file a joint status report on that date including proposed dates for a conference with the Court.  (*Id.*).

15. In their Nineteenth Joint Status Report (Dkt. No. 61), the Parties advised the Court that they had reached an agreement in principle and were in the process of preparing a draft Settlement Agreement and resolving remaining settlement details. The Parties also requested a 90-day extension of the stay, through and including September 8, 2025, to allow time to finalize the Settlement Agreement and prepare related filings.

16. The Court granted the requested extension and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the matter is settled.

17. Since the Nineteenth Joint Status Report, the Parties have held multiple telephone and video conferences and exchanged confirmatory information and data analysis in furtherance of finalizing the settlement. On July 11, 2025, the Parties participated in a mediation session with Judge Rosen, during which they finalized all substantive settlement terms and executed a written term sheet reflecting their agreement, subject to the negotiation of mutually agreeable terms of a formal Settlement Agreement.

18. Since that time, the Parties have held a number of additional calls to address settlement-related matters, including a joint call with each side's medical expert to discuss and finalize the data review protocol. On August 8, 2025, Defendants received from Plaintiffs a draft Settlement Agreement, which Defendants are currently reviewing. Plaintiffs are preparing a draft motion for preliminary settlement approval and certification of the settlement class, which they will provide to Defendants upon completion. The Parties are making best efforts to finalize the Settlement Agreement and related motion in time to submit them before the current September 8, 2025 stay expiration date and will promptly notify the Court if additional time becomes necessary.

Respectfully submitted this 13th day of August, 2025.

/s/ Christopher T. Nace
Christopher T. Nace (16442)
**PAULSON AND NACE, PLLC**
1025 Thomas Jefferson Street, NW, Suite 810
Washington, D.C. 20007
ctnace@paulsonandnace.com
(signed and submitted by Edward J. Meehan
with permission of Mr. Nace)

W. Daniel "Dee" Miles, III (*pro hac vice)*
Leon H. Hampton, Jr. (*pro hac vice*)
Paul W. Evans (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
Telephone: 334-269-2343
Dee.Miles@BeasleyAllen.com
Leon.Hampton@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
(Signed by Christopher T. Nace with the
permission of W. Daniel "Dee" Miles, III)

Rebecca Gilliland (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
301 St. Louis Street
Mobile, AL 36602
Telephone: 251-308-1515
Rebecca.Gilliland@BeasleyAllen.com
(Signed by Christopher T. Nace with the
permission of Rebecca D. Gilliland)

Thomas O. Sinclair (*pro hac vice*)
**SINCLAIR LAW FIRM, LLC**
2140 11th Ave S, Suite 212
Birmingham, AL 35205
Telephone: 205-868-0818
tsinclair@sinclairlawfirm.com
(Signed by Christopher T. Nace with the
permission of Thomas O. Sinclair)

***Counsel for Plaintiffs***

/s/ Edward J. Meehan
Edward J. Meehan (04775)
Mark C. Nielsen (30913)
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Ave. N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202-861-5429
mnielsen@groom.com
emeehan@groom.com

***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2025, the foregoing document was filed using the Court's ECF/CM system, which will automatically send notice of such filing to all counsel of record in this matter.

*/s/  Edward J. Meehan*
Edward J. Meehan (04775)
