**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| **STACEY BAILEY,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **THE NFL PLAYER DISABILITY &** **SURVIVOR BENEFIT PLAN,** *et al.*, <br><br> **Defendants.** | Case No. 1:23-cv-02661-JRR |

## TWENTY-EIGHTH JOINT STATUS REPORT AND MOTION FOR ADDITIONAL 30-DAY STAY

Plaintiffs Stacey Bailey and Eric Curry, on behalf of the putative class ("Plaintiffs"), and Defendants, The NFL Player Disability & Survivor Benefit Plan, The Disability Board of the NFL Player Disability & Survivor Benefit Plan, The Disability Initial Claims Committee of the NFL Payer Disability & Survivor Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Disability Initial Claims Committee of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The 88 Plan and The 88 Board ("Defendants," and together with the Plaintiffs, the "Parties") provide this Twenty-Eighth Joint Status Report in accordance with this Court's Order entered on January 7, 2026 (Dkt. No. 72), and respectfully move the Court to stay this action for an additional 30 days, with such stay extending up to and including March 23, 2026.

1.     Plaintiffs filed their Complaint in the above-captioned matter on September 29, 2023.  Defendants subsequently waived service and have not yet responded to the Complaint, which was otherwise due on December 11, 2023.

2.     After the Complaint was filed, counsel for the Parties conducted several video

1

conferences and in-person meetings to facilitate open discussion of issues set forth in the Complaint and the Parties' required Planning Report.  Thereafter, the Parties jointly moved the Court for a 90-day stay to facilitate further discussions, and to exchange information, regarding the issues set forth in the Complaint.  (Dkt. No. 30).

3.      The Court granted the requested stay, and ordered the Parties to submit Joint Status Reports every 30 days during the pendency of such stay, and to advise the Court as to the status of their discussions by no later than March 10, 2024.  (Dkt. No. 32).

4.      The Parties submitted periodic Joint Status Reports to the Court, detailing their ongoing discussions and their exchange of data and information concerning the matters at issue in the Complaint.  (Dkt. Nos. 36-39).

5.      On March 8, 2024, the Parties asked the Court to extend the stay for an additional 90 days to allow for further discussion amongst the Parties, and the Court granted that request. (Dkt. Nos. 39-40).

6.      The Parties conducted a second round of in-person meetings on March 25, 2024, where they discussed the status of the Parties' respective analyses of relevant data and information, as well as mechanisms to potentially resolve this lawsuit.  The meetings were productive. Plaintiffs' counsel provided a formal settlement proposal ("Proposal") with a mechanism for resolution to present to Defendants based on information and ideas exchanged at the March 25 meeting.

7.      On June 7, 2024, the Parties jointly asked the Court to extend the stay of the case for an additional 90 days.  The Court granted the Parties' request and stayed the case through September 9, 2024.  (Dkt. No. 46).

8.      On July 3, 2024, Defendants made a formal counter-proposal for settlement

2

("Counter"). Plaintiffs responded to Defendants' Counter on August 2, 2024.

9.  The Parties, in their Tenth Joint Status Report, moved for an additional 90-day stay to allow the Parties to mediate before the Hon. Gerald E. Rosen, retired Chief Judge, U.S. District Court for the Eastern district of Michigan. (Dkt. No. 49). The Court granted the additional stay on September 10, 2024. (Dkt. No. 50).

10.  The Parties mediated on October 2, 3, and 30 and November 1, 2024.

11.  In their Thirteenth Joint Status Report (Dkt. No. 53), the Parties informed the Court that, although the case was not resolved, they had made substantial progress, their discussions were ongoing, and they anticipated resuming formal mediation with Judge Rosen in February 2025. Accordingly, the Parties jointly requested that the Court extend the stay of the case by an additional 90 days, through and including March 10, 2025.

12.  On December 11, 2024, the Court granted the requested additional stay (Dkt. No. 54) and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the action settled, whichever occurred first.

13.  In their Sixteenth Joint Status Report (Dkt. No. 57), the Parties advised the Court that mediation again took place on March 5 and 6, 2025, during which time the Parties engaged in extensive, in-person discussions and again made substantial progress toward a potential resolution of this matter. Accordingly, the Parties jointly requested an additional stay of this action, up to and including June 10, 2025.

14.  On March 11, 2025, the Court granted the requested additional stay (Dkt. No. 58) and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the action settled, whichever occurs first. The Court further ordered that, if the matter is not resolved by June 10, 2025, the Parties must file a joint status report on that date including proposed

3

dates for a conference with the Court.  (*Id.*).

15.     In their Nineteenth Joint Status Report (Dkt. No. 61), the Parties advised the Court that they had reached an agreement in principle and were in the process of preparing a draft Settlement Agreement and resolving remaining settlement details.  The Parties also requested a 90-day extension of the stay, through and including September 8, 2025, to allow time to finalize the Settlement Agreement and prepare related filings.

16.     The Court granted the requested extension and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the matter is settled.  (Dkt. No. 62).

17.     In their Twentieth Joint Status Report (Dkt. No. 64), the Parties advised the Court that they participated in a mediation session with Judge Rosen on July 11, 2025, during which they finalized all substantive settlement terms and executed a written term sheet reflecting their agreement, subject to the negotiation of mutually agreeable terms of a formal Settlement Agreement.  The Parties further reported that, on August 8, 2025, Plaintiffs provided Defendants with a draft Settlement Agreement for their review.

18.     In their Twenty-Second Joint Status Report (Dkt. No. 65), the Parties reported that Defendants' counsel had prepared comments and proposed edits to the draft Settlement Agreement and would provide them to Plaintiffs upon receiving client authorization.  The Parties also informed the Court that Plaintiffs continued to work on a draft motion for preliminary settlement approval and certification of the settlement class, which they intended to share with Defendants upon completion.  In light of these ongoing efforts, the Parties jointly requested that the Court extend the stay of proceedings through and including November 7, 2025, to allow sufficient time to complete the drafting and review process and to ensure that the preliminary

approval motion presented to the Court would be complete and ready for consideration.

19. The Court granted the requested extension and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the matter is settled. (Dkt. No. 66).

20. In their Twenty-Third Joint Status Report (Dkt. No. 67), the Parties advised the Court that they continued to make progress toward finalizing the settlement and that, on October 9, 2025, Defendants provided Plaintiffs with their proposed edits to the draft Settlement Agreement, subject to final client approval.

21. In their Twenty-Fourth Joint Status Report (Dkt. No. 68), the Parties advised the Court that they continued to make meaningful progress toward finalizing the settlement. Specifically, the Parties reported that Plaintiffs had reviewed Defendants' proposed edits to the draft Settlement Agreement and that counsel had met on October 30, 2025 to discuss Plaintiffs' edits and comments to the revised draft. As a result of that meeting, only a small number of open items remained to be resolved. The Parties also reported that confirmatory discovery was underway and that they had completed the process of selecting a mutually acceptable neuropsychologist who will serve as an independent consultant and tiebreaker in the event the Parties' respective neuropsychology experts disagree on neuropsychological matters. In light of this progress, the Parties jointly requested that the Court extend the stay of the proceedings through and including January 6, 2026, to allow sufficient time to finalize and execute the Settlement Agreement, complete confirmatory discovery, and prepare and finalize the motion for preliminary approval and certification of the settlement class.

22. The Court granted the requested extension and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the matter is settled. (Dkt. No.

5

69).

23.     In their Twenty-Sixth Joint Status Report (Dkt. No. 71), the Parties advised the Court that Defendants had produced confirmatory discovery data to Plaintiffs on December 13, 2025, and that the Parties had continued to work collaboratively to resolve the limited remaining issues concerning the draft Settlement Agreement.  Specifically, Plaintiffs provided additional edits and comments on December 16, 2025, Defendants provided responses on December 26, 2025, and counsel met and conferred on December 29, 2025 to discuss those revisions.  Plaintiffs were also continuing to prepare a draft motion for preliminary approval and certification of the settlement class.  The Parties jointly requested that the Court extend the stay for an additional 45 days, through and including February 20, 2026, to allow sufficient time to finalize and execute the Settlement Agreement, continue confirmatory discovery, and prepare and file the motion for preliminary approval.

24.     The Court granted the requested extension and ordered the Parties to submit Joint Status Reports every 30 days during the stay's pendency or until the matter is settled.  (Dkt. No. 72).

25.     In their Twenty-Seventh Joint Status Report (Dkt. No. 73), the Parties advised the Court that they had continued to make meaningful progress toward finalizing the settlement. Counsel met and conferred on January 15, 2026 to discuss the remaining open items in the draft Settlement Agreement.  On January 22, 2026, Plaintiffs provided initial responses to the confirmatory discovery produced by Defendants on December 13, 2025.  On January 23, 2026, both Plaintiffs and Defendants provided edits and comments to the few remaining open items in the draft Settlement Agreement, and Defendants provided additional edits and comments on February 5, 2026.  In addition, on January 28, 2026, Plaintiffs provided Defendants with a draft

motion for preliminary approval and certification of the settlement class, and Defendants provided initial comments on the draft on February 6, 2026.

26. Since the filing of the Twenty-Seventh Joint Status Report, the Parties have continued to make meaningful progress toward finalizing the settlement. Counsel met and conferred on February 10, 2026 to discuss the Parties' edits and comments to the draft Settlement Agreement and Defendants' initial comments to the draft motion for preliminary approval and certification of the settlement class. On February 18, 2026, Plaintiffs requested additional confirmatory discovery data, which Defendants expect to produce on February 20, 2026. On February 20, 2026, Plaintiffs provided additional comments and edits to the few remaining open items in the draft Settlement Agreement. Plaintiffs expect to provide a revised draft motion for preliminary approval and certification of the settlement class on February 23, 2026. The Parties continue to work collaboratively to resolve the limited remaining issues in the draft Settlement Agreement and to finalize the motion for preliminary approval.

27. In light of this continued progress, including the narrowing of the few remaining open items in the draft Settlement Agreement, the Parties respectfully submit that good cause exists for a further, limited extension of the stay of this action. The Parties remain committed to finalizing a resolution without burdening the Court's resources and therefore jointly request that the Court extend the stay for an additional 30 days, through and including March 23, 2026, to allow sufficient time to resolve the remaining open items in the draft Settlement Agreement, finalize and execute the Settlement Agreement, complete confirmatory discovery, and prepare and file the motion for preliminary approval and certification of the settlement class.

Respectfully submitted this 20th day of February, 2026.

/s/ Christopher T. Nace
Christopher T. Nace (16442)
**PAULSON AND NACE, PLLC**
1025 Thomas Jefferson Street, NW, Suite 810
Washington, D.C. 20007
ctnace@paulsonandnace.com
(signed and submitted by Edward J. Meehan
with permission of Mr. Nace)

W. Daniel "Dee" Miles, III (*pro hac vice)*
Leon H. Hampton, Jr. (*pro hac vice*)
Paul W. Evans (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
Telephone: 334-269-2343
Dee.Miles@BeasleyAllen.com
Leon.Hampton@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
(Signed by Christopher T. Nace with the
permission of W. Daniel "Dee" Miles, III)

Rebecca Gilliland (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
301 St. Louis Street
Mobile, AL 36602
Telephone: 251-308-1515
Rebecca.Gilliland@BeasleyAllen.com
(Signed by Christopher T. Nace with the
permission of Rebecca D. Gilliland)

Thomas O. Sinclair (*pro hac vice*)
**SINCLAIR LAW FIRM, LLC**
2140 11th Ave S, Suite 212
Birmingham, AL 35205
Telephone: 205-868-0818
tsinclair@sinclairlawfirm.com
(Signed by Christopher T. Nace with the
permission of Thomas O. Sinclair)

***Counsel for Plaintiffs***

/s/ Edward J. Meehan
Edward J. Meehan (04775)
Mark C. Nielsen (30913)
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Ave. N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202-861-5429
mnielsen@groom.com
emeehan@groom.com

***Counsel for Defendants***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 20, 2026, the foregoing document was filed using the Court's ECF/CM system, which will automatically send notice of such filing to all counsel of record in this matter.

*/s/ Edward J. Meehan*
Edward J. Meehan (04775)
