**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| **STACEY BAILEY, *et al.*,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN, *et al.*,**<br><br>**Defendants.** | Case No. 1:23-cv-02661-JRR |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**

**WHEREAS**, the above-captioned action, *Stacey Bailey, et al. v. The NFL Player Disability & Survivor Benefit Plan, et al.*, Case No. 1:23-cv-02661-JRR (the "Action"), is pending before this Court; and

**WHEREAS**, Plaintiffs and Defendants (collectively, the "Parties") have entered into a Class Action Settlement Agreement (the "Settlement Agreement"), which sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"); and

**WHEREAS**, the Parties have jointly moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of an order preliminarily approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, appointing Class Representatives and Class Counsel, approving the proposed form of notice to the Settlement Class, scheduling a Final Fairness Hearing, and granting related relief; and

**WHEREAS**, the Settlement Agreement contemplates, among other things, the certification by the Court of a Settlement Class solely for purposes of the Settlement and the

implementation of the Rescoring Protocol set forth in the Settlement Agreement; and

**WHEREAS**, the Court has reviewed the Settlement Agreement and its exhibit, the Parties' joint motion and supporting memorandum, the proposed form of notice, and the other files, records, and pleadings in the Action, and is otherwise fully advised; and

**WHEREAS**, unless otherwise defined herein, all capitalized terms used in this Order have the meanings ascribed to them in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

1. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate, subject to final determination at the Final Fairness Hearing described below.

2. Solely for purposes of the Settlement, and pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court preliminarily finds and determines that the Action may proceed as a non-opt-out class action on behalf of the following Settlement Class:

> all persons (other than white, non-Hispanic persons) who (i) are participants in any of the Plans; (ii) applied for 88 Plan benefits, Total and Permanent ("T&P") disability benefits, Line of Duty ("LOD") disability benefits, and/or Neurocognitive ("NC") benefits under one or more of the Plans from January 1, 2012 to the present; (iii) underwent neuropsychological testing in connection with that benefits application; and (iv) had their neuropsychological test scores adjusted using (non-white) race-based demographic adjustments.

3. Based on the record presently before it, and solely for purposes of the Settlement, the Court preliminarily finds that the prerequisites of Rule 23(a) are satisfied: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; and (d) the Class Representatives and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of

the Settlement Class. The Court further preliminarily finds that the requirements of Rule 23(b)(2) are satisfied for Settlement purposes only because Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, such that final injunctive relief is appropriate with respect to the Settlement Class as a whole, and any monetary relief that may result from the Settlement is incidental to that injunctive relief. Because certification is sought solely for purposes of the Settlement, the Court need not, and does not, consider whether the Action, if tried, would present manageability or other problems.

The certification of the Settlement Class is for settlement purposes only and shall not constitute, and shall not be construed as or deemed to be, an admission or finding that the requirements for class certification are or would be satisfied for any litigation purpose, or in any other action or proceeding. In the event that the Settlement Agreement is terminated, or the Settlement is not finally approved or does not become effective for any reason, the certification of the Settlement Class shall be automatically vacated and shall be null and void, the Action shall revert to its status as it existed before the execution of the Settlement Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents related thereto shall be made for any purpose, all without prejudice to any position that any Party may assert.

4. Solely for purposes of the Settlement, the Court appoints Plaintiffs Stacey Bailey and Eric Curry as Class Representatives for the Settlement Class.

5. Solely for purposes of the Settlement, and pursuant to Rule 23(g), the Court appoints Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. and Sinclair Law Firm, LLC as Class Counsel for the Settlement Class. The Court preliminarily finds that Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

6. The Court approves, as to both form and content, the proposed Notice of Pendency and Proposed Settlement of Class Action and Hearing (the "Notice"), substantially in the form submitted by the Parties as an exhibit to the joint motion. The Court directs that, within thirty (30) days after entry of this Order, Defendants shall cause a copy of the Notice to be mailed, by first-class United States mail, postage prepaid, to all Settlement Class Members who can be identified with reasonable effort. The costs of the Notice shall be borne by the Plans and shall not reduce, impact, or come out of any benefits or payments to Settlement Class Members.

The Court finds that the foregoing manner of providing notice (i) constitutes the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, and their right to object to the Settlement and to appear at the Final Fairness Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) satisfies the requirements of Rule 23(e), due process, and all other applicable law. Because the Settlement Class is certified under Rule 23(b)(2) as a non-opt-out class, no Settlement Class Member shall have the right to opt out of, or be excluded from, the Settlement Class.

7. A Final Fairness Hearing shall be held before the undersigned on ___________________, 2026, at ____:____ __.m., in Courtroom ______ of the United States District Court for the District of Maryland, 101 West Lombard Street, Baltimore, Maryland 21201, to determine, among other things: (a) whether the Settlement Class should be finally certified for settlement purposes; (b) whether the Settlement should be finally approved as fair, reasonable, and adequate; (c) whether a Final Approval Order and Judgment should be entered dismissing the Action with prejudice and releasing the Released Claims as provided in the Settlement Agreement; (d) whether, and in what amount, the Court should award Attorneys' Fees, Costs, and Expenses to

Class Counsel and Service Awards to the Class Representatives; and (e) any objections to the Settlement and/or to any application for Attorneys' Fees, Costs, and Expenses or Service Awards.

8. Any Settlement Class Member who wishes to object to the Settlement, or to any application by Class Counsel for an award of Attorneys' Fees, Costs, and Expenses or Service Awards, or who wishes to appear at the Final Fairness Hearing, must file with the Clerk of Court a written notice of intention to appear, a statement of the position the Settlement Class Member will assert and the grounds therefor, and copies of any papers or other materials the Settlement Class Member wishes the Court to consider, and must serve copies of all such materials upon Class Counsel and Defense Counsel. All such materials must be filed with the Clerk of Court, and served upon counsel, no later than twenty-one (21) calendar days before the Final Fairness Hearing. All filings must reference the caption and case number of the Action. Filings shall be made with, and copies served upon, the following:

Clerk of Court
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

**Class Counsel:**

W. Daniel "Dee" Miles, III
Leon H. Hampton, Jr.
Paul W. Evans
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104

Rebecca Gilliland
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, AL 36602

Thomas O. Sinclair
SINCLAIR LAW FIRM, LLC
P.O. Box 59627
Birmingham, AL 35259

**Defendants' Counsel:**

Edward J. Meehan
Mark C. Nielsen
Jovana Vujovic
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave. N.W., Suite 1200
Washington, D.C. 20006

Any Settlement Class Member who does not timely comply with the foregoing requirements shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and shall not be entitled to be heard at the Final Fairness Hearing.

9. No later than fourteen (14) days prior to the Final Fairness Hearing, Class Counsel shall file a Motion for Final Approval of the Settlement. Class Counsel shall file any application for an award of Attorneys' Fees, Costs, and Expenses and for Service Awards to the Class Representatives on or before ___________________, 2026. Defendants reserve all rights to oppose any application for Attorneys' Fees, Costs, and Expenses or Service Awards, in whole or in part.

10. No later than ten (10) days after the filing of the motion for preliminary approval of the Settlement, Defendants shall serve notices pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715 ("CAFA") on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Settlement Class Members reside, as specified by 28 U.S.C. § 1715 and shall provide copies of the same to Class Counsel.

11. All non-Settlement-related proceedings in the Action are stayed pending final approval of the Settlement.

12. Pending the Court's final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined from filing, prosecuting, or maintaining any action in federal or state court that asserts any of the Released Claims, including proceedings asserting Released Claims on behalf of putative class members in other pending actions. The Court finds that this injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action and the Settlement, and to protect and effectuate this Order, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the corresponding "necessary in aid of jurisdiction" exception to the Anti-Injunction Act, 28 U.S.C. § 2283.

13. In the event that the Court refuses to approve any material term of the Settlement, including certification of the Settlement Class as provided in Section V of the Settlement Agreement, or the Settlement Agreement is terminated or does not become effective for any reason, then this Order (including the certification of the Settlement Class and the appointment of Class Representatives and Class Counsel) shall be vacated and shall be null and void, the Parties shall be restored to their respective positions as they existed immediately prior to the execution of the Settlement Agreement, and neither the Settlement Agreement nor any of the related negotiations, statements, or proceedings shall be admissible or used for any purpose in the Action or any other proceeding, all without prejudice to any position that any Party may assert. Any ruling by the Court concerning Attorneys' Fees, Costs, and Expenses or Service Awards shall not constitute a material term of the Settlement, and shall not affect the validity or enforceability of the Settlement or of any Final Approval Order and Judgment.

14. The Court retains continuing jurisdiction to enforce the terms of the Settlement Agreement and this Order. The Court may, without further notice to the Settlement Class, approve the Settlement with such modifications as the Parties may agree to in writing, continue or adjourn

the Final Fairness Hearing, and modify any of the dates or deadlines set forth in this Order. The Final Fairness Hearing may be continued or adjourned from time to time by order of the Court without further notice to the Settlement Class other than announcement at the Final Fairness Hearing or any adjournment thereof.

IT IS SO ORDERED.

Dated: __________________, 2026

___________________________________
The Honorable Julie R. Rubin
United States District Judge