IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY
SEP 22 2026
FILED ENTERED
LOGGED SLD RECEIVED

**STACEY BAILEY and ERIC CURRY,**
individually and on behalf of others
similarly situated,

Plaintiffs,

v.

**THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN, et al.,**

Defendants.

Case No. 1:23-cv-02661-JRR

**OBJECTION OF CLASS MEMBER ADRIAN ROSS TO PROPOSED CLASS ACTION SETTLEMENT**

I, Adrian Ross, submit this objection as a member of the proposed settlement class. I ask the Court to reject the proposed settlement because it requires class members to release potentially valuable claims without providing fair, adequate, or meaningful consideration in return.

I also respectfully ask the Court to consider this objection even if it is deemed untimely. The notice page in my possession states that objections must be filed no later than the 21st day before October 29, 2026. A class member should not lose the right to be heard when the notice materials available to him did not state a completed objection date.

**MY INTEREST IN THE SETTLEMENT**

I am a former NFL player whose neurocognitive claim was evaluated before the The NFL Player Disabilty & Survivor Benefit Plan states that they stopped using race-based demographic adjustments. On April 26, 2019, the Disability Initial Claims Committee awarded me Mild Neurocognitive Impairment benefits effective January 1, 2019, but declined to award the Moderate Neurocognitive Impairment benefit. The decision states that the plan-neutral physicians found that my impairment did not rise to the moderate level.

The distinction was financially significant. The decision awarded me $3,000 per month at the mild level. If race-based scoring affected the number or severity of impaired cognitive domains used in my evaluation, it may have caused me to receive a lower benefit classification. The value of the benefits and claims that I may be required to release could amount to hundreds of thousands of dollars.

## GROUNDS FOR OBJECTION

### 1. The promised end to race norming provides little new value

The plan states that they directed reviewing physicians to stop using race-based demographic adjustments in June 2021. An agreement to continue a practice that was already discontinued five years ago does not provide meaningful new value to class members whose claims were affected before 2021. The settlement should be judged primarily by the actual relief it provides for past harm, not by an injunction that largely preserves the status quo.

### 2. The rescoring process does not provide a sufficiently independent review

I do not have confidence that the proposed reviewers are independent of the system whose work they are being asked to evaluate. Dr. Garmoe has held a leading role in the NFL Disability Board's neuropsychological process and, as I understand it, participated in the standards and instructions governing prior testing, including the use of demographic adjustments. Asking a person connected to the challenged process to decide whether that process harmed players creates at least an appearance of bias and a serious conflict of interest.

I have similar concerns about Dr. Spica. His long professional relationship with Unum Disability raises questions about whether he is sufficiently independent from disability insurers and benefit administrators. The settlement does not give affected players a meaningful role in selecting the reviewers, a clear right to challenge a reviewer for cause, or a genuinely neutral appeal to a professional with no prior material connection to the Plans or disability insurers.

**3. The release is broader and more valuable than the relief class members receive**

Players are being required to surrender claims that may be worth substantial amounts in exchange for a rescoring procedure whose outcome, independence, and practical value remain uncertain. A player who was wrongfully placed at the mild level instead of the moderate level may have lost years of higher monthly benefits. The settlement does not guarantee that an affected player will receive that value; it gives the player only a review conducted under procedures and by reviewers selected through the settlement.

This imbalance is especially unfair because class members cannot opt out. A mandatory class release demands heightened protection for absent class members. If players were free to preserve and pursue their individual claims, many would reasonably choose not to exchange claims potentially worth hundreds of thousands of dollars for this limited process.

**4. The requested payments to the named plaintiffs and class counsel highlight the lack of comparable class relief**

The proposed settlement provides cash service awards of $50,000 to each named plaintiff and seeks approximately $4 million in attorneys' fees, while ordinary class members receive no guaranteed cash payment. Their relief depends on rescoring and a later determination that a different benefit level should have been awarded. Those proposed payments are disproportionate when compared with the uncertain relief offered to the players whose claims are being released.

**5. The limited adversarial development does not support the breadth of the release**

As I understand the procedural history, settlement discussions began approximately one month after the complaint was filed, before meaningful discovery or an adversarial test of the central allegations. The Court and absent class members therefore do not have the benefit of a developed factual record concerning how often race-based adjustments changed benefit classifications, the value

of the claims being released, the role of the proposed reviewers in the prior system, or the number of players likely to receive additional benefits.

Without that information, the Court cannot reliably compare the value surrendered by class members with the value the settlement provides. The lack of discovery is particularly concerning where the proposed class is mandatory and the settlement would extinguish individual claims.

## REQUESTED RELIEF

For these reasons, I respectfully request that the Court deny final approval. At a minimum, the Court should require the parties to revise the settlement to:

- permit class members to opt out or substantially narrow the release;
- appoint reviewers who have no prior material role in the challenged NFL disability process and no disqualifying financial relationship with disability insurers;
- provide full disclosure of each reviewer's prior work, compensation, methodology, and potential conflicts;
- give each affected player access to the original testing data, the race-neutral rescoring, the methodology used, and a meaningful independent appeal;
- preserve individual claims unless and until a player receives the full benefits and compensation shown to be due after a fair review; and
- defer or reduce incentive awards and attorneys' fees until the settlement produces measurable benefits for affected class members.

I further request any other relief the Court deems fair and necessary to protect absent class members.

Respectfully submitted,

***/s/ Adrian Ross***

Adrian Ross, Pro Se Objector
6942 FM 1960 Rd E, Ste. 317
Humble, Texas 77346
Telephone: (916)844-6244
Email: shangobey4@gmail.com

Date: September 17, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2026, I mailed a true and correct copy of this Objection by first-class United States mail, postage prepaid, to Class Counsel and Defendants' Counsel at the following addresses:

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
W. Daniel "Dee" Miles, III
Leon H. Hampton, Jr.
Paul W. Evans
218 Commerce Street
Montgomery, AL 36104

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Rebecca Gilliland
301 St. Louis Street
Mobile, AL 36602

**SINCLAIR LAW FIRM, LLC**
Thomas O. Sinclair
P.O. Box 59627
Birmingham, AL 35259

**GROOM LAW GROUP, CHARTERED**
Edward J. Meehan
Mark C. Nielsen
Jovana Vujovic
1701 Pennsylvania Avenue N.W., Suite 1200
Washington, D.C. 20006

***/s/ Adrian Ross***
Adrian Ross