AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

SEP 25 2026

___ FILED ___ ENTERED
___ LOGGED SZS RECEIVED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

**Caption:** *Bailey et al. v. The NFL Player Disability & Survivor Benefit Plan*

**Case No.:** 1:23-cv-02661-JRR

# FORMAL CLASS-WIDE OBJECTION AND BLANKET RESERVATION OF RIGHTS

## 1. OBJECTOR INFORMATION

- **Full Legal Name:** Levi Jeff Jones
- **Mailing Address:** 379 S Melba St, Gilbert, AZ 85233
- **Class Membership Status:**
  [X] **Former Player:** I am a former professional football player and a qualified class member directly bound by the Plan.
  [X] **Protective Heir Advocate:** I submit this filing to explicitly bring to the Court's attention the severe threat this settlement poses to the independent future derivative benefits, survivor claims, and legal rights of my daughters and immediate family heirs.

## 2. STATEMENT OF SYSTEMIC CLASS-WIDE OBJECTION

I hereby object to the proposed settlement in the above-captioned matter and formally request that this Court reject the settlement terms in their entirety on behalf of myself, my future survivors/daughters, and the entire class of absent, unaware retired professional football players and beneficiaries. Just as the settling parties seek to strip away our collective constitutional and statutory rights by default without our explicit, affirmative permission, I submit this formal filing to expose the systemic unfairness of the settlement and block the automatic forfeiture of our rights:

- **Systemic Failure of Notice and Exploitation of Unaware Class Members:** I explicitly object to this settlement because it binds the entire retired player fraternity by default—using our collective rights as leverage to settle a narrow case—without requiring explicit, affirmative opt-in consent from individual members. It is fundamentally unfair to bind thousands of completely unaware players and family members to a sweeping liability release that bars future legal relief, particularly when the settlement offers zero automated or guaranteed financial compensation to the vast majority of those whose rights are being traded away.
- **Total Failure to Protect Independent Survivor Rights:** The proposed settlement fundamentally fails to protect, insulate, or account for the independent legal interests and derivative claims of survivors, spouses, daughters, and heirs of deceased or aging players. By imposing a mandatory, sweeping class-wide release

by default, the settlement extinguishes the future independent rights of my daughters and the survivors of my peers without their explicit knowledge or separate notification, trading away valuable family security for an inadequate injunctive remedy.

- **Strict Class-Wide Reservation of Non-Conceded Claims:** Under no circumstances shall this filing, or the default inclusion of any retired player or beneficiary in this settlement class, be interpreted as a waiver, release, or forfeiture of our collective rights to participate in, benefit from, or pursue independent or class-wide relief under any broader, ongoing litigation targeting systemic Plan administration failures, including but not limited to ***Alford v. NFL Player Disability & Survivor Benefit Plan*** **(Case No. 1:23-cv-00977-JRR)**, or any separate claims for breach of fiduciary duty under ERISA.
- **Overly Broad Liability Release Without Financial Relief:** The settlement requires all class members to release highly valuable legal rights, including any future claims, lawsuits, or actions regarding any historical evaluation of benefits or administration by the NFL Disability Board. Despite this sweeping waiver of rights, the settlement provides no direct cash payments or automated compensation to the vast majority of the class members who are giving up these rights.
- **Inadequate and Conditional Remedy:** The remedy is narrow and conditional. While it creates a race-neutral rescoring framework, it does not guarantee any retroactive benefit adjustment or financial relief for players whose initial claims were denied or delayed. It establishes an incredibly high barrier to prove actual damage while wiping out alternative litigation paths.
- **Passive Protection of the Disability Board:** The timeline and structure of this settlement shield the NFL Disability Board from comprehensive, structural accountability regarding systemic claim handling failures. It undercuts more robust, active litigation—specifically *Alford v. NFL Disability*—which has successfully survived multiple summary judgment motions and actively exposes structural flaws in the benefit determination system.
- **Disproportionate Compensation:** The requested allocation of up to $4 million in attorney fees and expenses, along with standard incentive awards for named plaintiffs, creates a disproportionate benefit for class counsel relative to a non-monetary, injunctive remedy that leaves the baseline class with minimal actionable utility.

3. INTENT TO APPEAR AT HEARING

[X] **Written Submission in Lieu of Appearance:** I do not intend to appear at the hearing but request that the Court accept this written filing as my formal representative objection, petition for standing, and blanket reservation of rights for the entire class.

**Dated:** September 23, 2026

**Signature:** ______________________