**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| **STACEY BAILEY, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN, *et al.***<br><br>**Defendants.** | Case No. 1:23-cv-02661-JRR |

**[PROPOSED] FINAL APPROVAL ORDER**

**WHEREAS**, the above-captioned action, *Stacey Bailey, et al. v. The NFL Player Disability & Survivor Benefit Plan, et al.,* Case No. 1:23-cv-02661-JRR (the "Action"), is pending before this Court; and

**WHEREAS**, Plaintiffs and Defendants (collectively, the "Parties") have entered into a Class Action Settlement Agreement (the "Settlement Agreement"), which sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"); and

**WHEREAS**, the Parties have jointly moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of an order granting final approval to the Settlement, certifying the Settlement Class for settlement purposes only, appointing Class Representatives and Class Counsel, and granting related relief;

**WHEREAS**, the Settlement Agreement contemplates, among other things, the certification by the Court of a Settlement Class solely for the purposes of the Settlement and the implementation of the Rescoring Protocol set forth in the Settlement Agreement; and

**WHEREAS**, the Court has reviewed the Settlement Agreement and its exhibit, the Parties' joint motion and supporting memorandum, and the other files, records, and pleadings in the Action, and is otherwise fully advised; and

**WHEREAS**, unless otherwise defined herein, all capitalized terms used in this Order have the meanings ascribed to them in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure as follows:

1. The Court **GRANTS** final approval to the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate after conducting the Final Fairness Hearing.

2. Soley for the purposes of the Settlement and pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finds and determines that the Action may proceed as a non-opt-out class action on behalf of the following Settlement Class:

> all persons (other than white, non-Hispanic persons) who (i) are participants in any of the Plans; (ii) applied for 88 Plan benefits, Total and Permanent ("T&P") disability benefits, Line of Duty ("LOD") disability benefits, and/or Neurocognitive ("NC") benefits under one or more of the Plans from January 1, 2012 to the present; (iii) underwent neuropsychological testing in connection with that benefits application; and (iv) had their neuropsychological test scores adjusted using (non-white) race-based demographic adjustments.

3. Based on the record presently before it, and solely for the purposes of the Settlement, the Court finds that the prerequisites of the Rule 23(a) are satisfied: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; and (d) the Class Representatives and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class. The Court further finds that the requirements of Rule 23(b)(2) are satisfied

for Settlement purposes only because Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, such that final injunctive relief is appropriate with respect to the Settlement Class as a whole, and any monetary relief that may result from the Settlement is incidental to that injunctive relief. Because certification is sought solely for purposes of the Settlement, the Court need not, and does not, consider whether the Action, if tried, would present manageability or other problems.

The certification of the Settlement Class is for settlement purposes only and shall not constitute and shall not be construed as or deemed to be, an admission or finding that the requirements for class certification are or would be satisfied for any litigation purpose, or in any other action or proceeding.

4. Solely for purposes of the Settlement, the Court appoints Plaintiffs Stacey Bailey and Eric Curry as Class Representatives for the Settlement Class.

5. Solely for purposes of the Settlement, and pursuant to Rule 23(g), the Court appoints Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. and Sinclair Law Firm, LLC as Class Counsel for the Settlement Class. The Court finds that Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

6. With the Court's final determination granting final approval of the Settlement, all Settlement Class Members are enjoined from filing, prosecuting, or maintaining any action in federal or state court that asserts any of the Released Claims, including proceedings asserting Released Claims on behalf of putative class members in other pending actions. The Court finds that this injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action and the Settlement, and to protect and effectuate this Order, pursuant to the All Writs Act, 28

U.S.C. § 1651(a), and the corresponding "necessary in aid of jurisdiction" exception to the Anti-Injunction Act, 28 U.S.C. § 2283.

7. The Court also expressly overrules all objections.

8. The Court retains continuing jurisdiction to enforce the terms of the Settlement Agreement and this Order. The Court may, without further notice to the Settlement Class, approve the Settlement with such modifications as the Parties may agree to in writing.

IT IS SO ORDERED.

Dated:______________________, 2026.

____________________________________

The Honorable Julie R. Rubin
United States District Judge