**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| **STACEY BAILEY, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN, *et al.***<br><br>**Defendants.** | Case No. 1:23-cv-02661-JRR |

**FINAL APPROVAL ORDER**

**WHEREAS**, the above-captioned action, *Stacey Bailey, et al. v. The NFL Player Disability & Survivor Benefit Plan, et al.,* Case No. 1:23-cv-02661-JRR (the "Action"), is pending before this Court; and

**WHEREAS**, Plaintiffs and Defendants (collectively, the "Parties") have entered into a Class Action Settlement Agreement (the "Settlement Agreement"), which sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"); and

**WHEREAS**, the Parties have jointly moved (ECF No. 139), pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of an order granting final approval to the Settlement, certifying the Settlement Class for settlement purposes only, appointing Class Representatives and Class Counsel, and granting related relief;

**WHEREAS**, the Settlement Agreement contemplates, among other things, the certification by the Court of a Settlement Class solely for the purposes of the Settlement and the implementation of the Rescoring Protocol set forth in the Settlement Agreement; and

**WHEREAS**, the Court has reviewed the Settlement Agreement and its exhibit, the Parties' joint motion and supporting memorandum, objections thereto, and the other files, records, and pleadings in the Action, and is otherwise fully advised, including through argument on the matter, heard on October 20, 2026; and

**WHEREAS**, unless otherwise defined herein, all capitalized terms used in this Order have the meanings ascribed to them in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the reasons set forth on the record in open court on October 20, 2026:

1. The Court **GRANTS** the Motion for Final Approval at ECF No. 139 and, therefore, **GRANTS** final approval to the Settlement set forth in the Settlement Agreement (ECF No. 79-3), as amended pursuant to the Amendment, attached hereto as Exhibit A, to remove a comma from the definition of Released Claims located in paragraph II. 20., as fair, reasonable, and adequate after conducting the Final Fairness Hearing.

2. Solely for the purposes of the Settlement and pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court finds and determines that the Action may proceed as a non-opt-out class action on behalf of the following Settlement Class:

> all persons (other than white, non-Hispanic persons) who (i) are participants in any of the Plans; (ii) applied for 88 Plan benefits, Total and Permanent ("T&P") disability benefits, Line of Duty ("LOD") disability benefits, and/or Neurocognitive ("NC") benefits under one or more of the Plans from January 1, 2012 to the present; (iii) underwent neuropsychological testing in connection with that benefits application; and (iv) had their neuropsychological test scores adjusted using (non-white) race-based demographic adjustments.

3. Based on the record presently before it, and solely for the purposes of the Settlement, the Court finds that the prerequisites of the Rule 23(a) are satisfied: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law

and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; and (d) the Class Representatives and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class. The Court further finds that the requirements of Rule 23(b)(2) are satisfied for Settlement purposes only because Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, such that final injunctive relief is appropriate with respect to the Settlement Class as a whole, and any monetary relief that may result from the Settlement is incidental to that injunctive relief. Because certification is sought solely for purposes of the Settlement, the Court need not, and does not, consider whether the Action, if tried, would present manageability or other problems.

The certification of the Settlement Class is for settlement purposes only and shall not constitute and shall not be construed as or deemed to be, an admission or finding that the requirements for class certification are or would be satisfied for any litigation purpose, or in any other action or proceeding.

4. The Court finds that the Settlement Agreement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e). The Agreement is fair. The Court finds that the posture of the case at the time of settlement, the extent of discovery that has been conducted, the circumstances surrounding the negotiations and the experience of counsel all are in favor of approving the Settlement Agreement.

5. Of note, Judge Gerald E. Rosen, a retired federal judge, and former chief judge of the United States District Court for the Eastern District of Michigan, mediated this matter over multiple sessions and observed, among other things, that counsel were highly

competent and professional, and had many pointed and hard-fought debates over issues that were not quickly resolved, requiring all of his skills as an experienced mediator and judge.

6. The Settlement Agreement is also adequate. The relative strength of the Plaintiffs' case on the merits, the existence of any difficulties of proof or strong defenses that Plaintiffs would be likely to encounter if the case went to trial, the anticipated duration and expense of additional litigation, solvency of the defendant and the likelihood of recovery on a litigated judgement, and the degree of opposition also all weigh in favor of approval. This is particularly true where, as here, the Parties agreed to the relief sought in the Complaint, as well as other relief that the court would not have had the authority to order had the case gone to trial or been resolved on summary judgment. This comparison also lends itself to support the reasonableness of the Settlement as that requirement, though not separately enumerated into factors by the Fourth Circuit, looks to the amount or value of the Settlement.

7. Solely for purposes of the Settlement, the Court appoints Plaintiffs Stacey Bailey and Eric Curry as Class Representatives for the Settlement Class. Both Mr. Bailey and Mr. Curry adequately represent the class, not only through their involvement in the settlement process, but both are non-white former players who sought benefits through one or more of the Plans and race-based adjustments were applied to their neuropsychological test scores.

8. Solely for purposes of the Settlement, and pursuant to Rule 23(g), the Court appoints Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. and Sinclair Law Firm, LLC as Class Counsel for the Settlement Class. The Court finds that Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

9. With the Court's final determination granting final approval of the Settlement, all Settlement Class Members are enjoined from filing, prosecuting, or maintaining any action in federal or state court that asserts any of the Released Claims, including proceedings asserting Released Claims on behalf of putative class members in other pending actions. The Court finds that this injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action and the Settlement, and to protect and effectuate this Order, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the corresponding "necessary in aid of jurisdiction" exception to the Anti-Injunction Act, 28 U.S.C. § 2283.

10. The Court finds that Notice was sufficient in this matter. Notice was provided by direct mail and, for the few that were returned undeliverable, direct notice was again attempted via the player's last known email address.

11. The Court also expressly overrules all objections, finding them unpersuasive.

12. The Court will separately address the Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards, but also notes that neither attorneys' fees nor service awards were negotiated as part of the Settlement Agreement, which serves as an additional indicator that the Settlement Agreement was the product of an arms-length transaction.

13. The Court retains continuing jurisdiction to enforce the terms of the Settlement Agreement and this Order. The Court may, without further notice to the Settlement Class, approve the Settlement with such modifications as the Parties may agree to in writing.

IT IS SO ORDERED.

October 27, 2026.

/S/

______________________________________

Julie R. Rubin
United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

BALTIMORE DIVISION

STACEY BAILEY, *et al.*,

Plaintiffs,

v.

Case No. 1:23-cv-02661-JRR

THE NFL PLAYER DISABILITY &

SURVIVOR BENEFIT PLAN, *et al.*,

Defendants.

# CLASS ACTION SETTLEMENT AGREEMENT

First Amendment

The Class Action Settlement Agreement ("Settlement Agreement") attached hereto as Exhibit A is hereby amended to read as set forth below. In all other respects, the Settlement Agreement remains unchanged.

The amendment reflects the ruling of Judge Julie Rubin of the United States District Court for the District of Maryland on October 20, 2026. In that ruling, the Court approved the Settlement Agreement subject to the deletion of a certain comma to avoid any possible ambiguity as to the scope of the release set forth in the Settlement Agreement.

The deletion of the comma does not alter, and is consistent with, the settling parties' intent as to the scope of the release as stated in their court filings seeking approval of the Settlement Agreement and on the hearing record.

Amendment:

Section II.20 of the Settlement Agreement is hereby amended to read as follows:

"Released Claims" means any and all claims, demands, rights, suits, liabilities, obligations, damages, actions, rights of action, and causes of action of every nature and description whatsoever, whether known or unknown, suspected or unsuspected, whether based in law or equity and whether seeking legal or equitable relief, and whether arising under federal, state, local, statutory, common, or foreign law, that the Releasing Parties (as defined below) or any of them ever had, now have, or hereafter can, shall, or may have against the Released Parties (as defined below) that (i) were asserted in the Action, or (ii) that arise out of or relate in any way to the matters, facts, or occurrences alleged in the Action, including but not limited to any claims arising out of or related to the use of race-based demographic adjustments or consideration of race in any way in neuropsychological or cognitive testing or scoring or evaluation of claims for benefits under the Plans at any time prior to the Effective Date. The Released Claims include, without limitation, all claims under ERISA (including but not limited to claims for benefits, breach of fiduciary duty, or equitable relief under 29 U.S.C. §1132) and all claims under 42 U.S.C. § 1981 or any other federal or state law prohibiting race discrimination, to the extent such claims arise from or relate to the allegations in this Action. The Released Claims do not include any claims to enforce: (i) the terms of this Settlement Agreement; (ii) any rights or benefits due to Class Members under this Settlement Agreement; or (iii) claims under 29 U.S.C. 1132(g) for Attorneys' Fees, Costs, and Expenses.

*   *   *   *   *   *

IN WITNESS WHEREOF, the Parties hereto, by and through their duly authorized representatives, have executed this First Amendment to the Class Action Settlement Agreement as of the dates indicated below.

For the Class Representatives and the Settlement Class:

**10/22/2026**

Stacey Bailey, Class Representative — Date

**(Signed by W. Daniel "Dee" Miles, III with the express permission of Stacey Bailey)**

**10/22/2026**

Eric Curry, Class Representative — Date

**(Signed by W. Daniel "Dee" Miles, III with the express permission of Stacey Bailey)**

Approved as to form and content by Co-Lead Class Counsel for Plaintiffs Stacey Bailey and Eric Curry:

10/22/2026

W. Daniel "Dee" Miles, III — Date
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.

Thomas O. Sinclair — Date
Sinclair Law Firm LLC

For Defendants The NFL Player Disability & Survivor Benefit Plan, The Disability Board of the NFL Player Disability & Survivor Benefit Plan, The Disability Initial Claims Committee of the NFL Player Disability & Survivor Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Disability Initial Claims Committee of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The 88 Plan and The 88 Board:

**/s/ *Alvaro Anillo* (with express permission)** — **10/23/2026**

Alvaro Anillo — Date
Groom Law Group, Chartered

Approved as to form and content by Counsel for Defendants The NFL Player Disability & Survivor Benefit Plan, The Disability Board of the NFL Player Disability & Survivor Benefit Plan, The Disability Initial Claims Committee of the NFL Player Disability & Survivor Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Disability Initial Claims Committee of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The 88 Plan and The 88 Board:

**/s/*Alvaro Anillo* (with express permission)**
Alvaro Anillo
Groom Law Group, Chartered

**10/23/2026**
Date

IN WITNESS WHEREOF, the Parties hereto, by and through their duly authorized representatives, have executed this First Amendment to the Class Action Settlement Agreement as of the dates indicated below.

**For the Class Representatives and the Settlement Class:**

______________________________ ______________________________

Stacey Bailey, Class Representative | Date

______________________________ ______________________________

Eric Curry, Class Representative | Date

**Approved as to form and content by Co-Lead Class Counsel for Plaintiffs Stacey Bailey and Eric Curry:**

______________________________ ______________________________

W. Daniel "Dee" Miles, III | Date
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.

Thomas O. Sinclair | October 22, 2026

homas O. Sinclair
T omas 0. Sinclair | Date
inclair Law Firm LLC

**For Defendants The NFL Player Disability & Survivor Benefit Plan, The Disability Board of the NFL Player Disability & Survivor Benefit Plan, The Disability Initial Claims Committee of the NFL Player Disability & Survivor Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The Disability Initial Claims Committee of the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The 88 Plan and The 88 Board:**

______________________________ ______________________________

Alvaro Anillo | Date
Groom Law Group, Chartered

EXHIBIT:

- Exhibit A: Class Action Settlement Agreement